UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY DEJUAN CHAVEZ,
*also known as* ANTHONY DEJUAN MEYERS,

    Plaintiff,

v.               Case No. 22-cv-1259-pp

CHRIS DOURGTHY, SARAH EVANS BARKER
and UNITED STATES OF AMERICA,

    Defendants.

---

**ORDER WAIVING PLAINTIFF'S PAYMENT OF INITIAL PARTIAL FILING FEE, GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3) AND DISMISSING CASE**

---

  Anthony Dejuan Chavez, also known as Anthony Dejuan Meyers, an individual incarcerated at the Springfield Medical Center for Federal Prisoners[1] in Springfield, Missouri who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants defamed him. The complaint names three defendants: Daniel Hesler, Ryan Justice and Chris Dourgthy.[2] Dkt. No. 1 at 1. Since filing the complaint, the plaintiff has filed letters indicating that he wants to sue Dourgthy, U.S. District Judge Sarah Evans Barker "and the government." Dkt. No. 5 at 1; Dkt. No. 7 at 2. The court has adjusted the caption and the docket accordingly. This decision resolves the plaintiff's motion

---

[1] This facility is also known as MCFP Springfield and is operated by the Federal Bureau of Prisons. <u>See</u> https://www.bop.gov/locations/institutions/spg/.

[2] The plaintiff has used several different spellings of this defendant's surname in this complaint and in other complaints he filed against this defendant. The court will use the spelling "Dourgthy," which appears to be how the plaintiff spells the defendant's name in the caption of the complaint.

1

for leave to proceed without prepaying the filing fee, dkt. no. 3, and screens complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 3)

The Prison Litigation Reform Act (PLRA) applies to cases filed by plaintiffs who are incarcerated when they file their complaints. See 28 U.S.C. §1915(h). The plaintiff completed and filed a form entitled "Prisoner Request to Proceed in District Court Without Prepaying the Full Filing Fee." Dkt. No. 3. Despite filing that form, he asserts that because he is civilly committed, he "does not have to file the filing fees or any money." Dkt. No. 1-2 at 29 (citing Perkins v. Hedricks, 340 F.3d 582, 583 (8th Cir. 2003) (*per curiam*)). The plaintiff cites Perkins for the proposition that a civilly committed person is not a "prisoner" under §1915(h) and therefore is not subject to the PLRA. Perkins, 340 F.3d at 583. At least one court in this district has agreed with the reasoning in Perkins and determined that the PLRA does not apply to "other civil detainees," including the plaintiff in that case who was an immigration detainee. Pozo v. Schmidt, No. 18-cv-1486, 2020 WL 2129567, at *4–5 (E.D. Wis. May 5, 2020).

It does not appear that the Seventh Circuit has addressed this question. See Hughes v. Farris, 809 F.3d 330, 335 (7th Cir. 2015) (noting that the Seventh Circuit "previously noted in dicta that it is possible that the three-strikes provision [in §1915(g) of the PLRA] does not apply to persons in Hughes's position (sexually violent detainees no longer serving a criminal sentence) because they are not prisoners as defined in § 1915(h)"); Kalinowski v. Bond, 358 F.3d 978, 979 (7th Cir. 2004) (declining "to consider whether a person whose criminal conviction has expired, and is held thereafter as sexually dangerous, also is a 'prisoner'" under §1915(h)); but see Ring v. Knecht, 130 F. App'x 51, 52 (7th Cir. 2005) (citing Kalinowski for the

proposition that "civilly committed sex offenders in Illinois are indeed subject to the PLRA"); Ring v. Appleton, 93 F. App'x 993, 994 (7th Cir. 2004) (same).

The plaintiff attached to his complaint a November 7, 2019, order from a district judge in the Western District of Missouri in Case No. 19-cv-3202, United States v. Anthony Meyers. Dkt. No. 1-2 at 6. The order adopted the report and recommendation of a magistrate judge finding that the defendant (who is the plaintiff in this case using his previous last name) "is mentally ill and that his release would create a substantial risk of bodily injury to another person or serious damage to the property of another." Id. at 7. The district judge ordered that the plaintiff "be, and is hereby, committed under the provisions of 18 U.S.C. § 4246." Id. Section §4246 is titled "Hospitalization of a person due for release but suffering from mental disease or defect;" it applies to a person "in the custody of the Bureau of Prisons whose sentence is about to expire, or who has been committed to the custody of the Attorney General under section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person." 18 U.S.C. §4246(a).

The plaintiff is civilly committed based on the finding of the court in the Western District of Missouri that he "is mentally ill and that his release would create a substantial risk" of injury or damage to others or property. That court did not deem the plaintiff to be "sexually dangerous" or "sexually violent," like the plaintiffs in Hughes and Kalinowski. But it is not clear whether the plaintiff was ordered civilly committed after his criminal sentence had ended or just as his sentence was "about to expire" but had not yet expired. The documents in the plaintiff's civil commitment case are sealed; the court cannot access them to determine this information. If the plaintiff's sentence had not yet ended

when his commitment began, then he likely is a "prisoner" under §1915(h) and is subject to the PLRA. See Banks v. Robert, No. 16-cv-720-pp, 2017 WL 1902707, at *3 (E.D. Wis. May 8, 2017) (citing Kalinowski, 358 F.3d at 979) (finding that plaintiff who "remained confined pending trial on his *criminal* charges . . . when he filed this federal complaint" was a "prisoner" under §1915(h) and subject to the PLRA). But if the plaintiff's criminal conviction had expired, and he was committed only because of his mental illness, then he likely is not a "prisoner" under §1915(h). See Hughes, 809 F.3d at 335 (citing Kalinowski, 358 F.3d at 979)).

The court will assume for the purpose of this order, without deciding, that the plaintiff, as a civilly committed person under §4246, is not a "prisoner" as that term is used in §1915(h) and is not subject to the PLRA. That does not mean he is exempt from paying the filing fee. The requirement to pay a fee to file a lawsuit in federal court is not unique to incarcerated persons; *any* person who files a suit in this district owes the civil filing fee. See 28 U.S.C. §1915(a); District Court Fee Schedule, https://www.wied.uscourts.gov/district-court-fee-schedule. The plaintiff's request to proceed without prepaying the full filing fee shows he is employed at his institution and receives a payment, but it does not list the amount he receives. Dkt. No. 3 at 1. The plaintiff says he "only got $31.50 a month." Id. at 4. He says he owns neither a car nor a home, has no cash or checking, savings or similar account and has no property of value. Id. at 2–3.

The civil case filing fee is $402 (including a $52 administrative fee that plaintiffs proceeding *in forma pauperis* are not required to pay). The court finds that requiring the plaintiff to prepay this fee would impose a significant financial hardship on him. The court will waive payment of an initial partial

4

filing fee and will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. But the plaintiff remains obligated to pay the full $350 filing fee. The court will require him to pay the full filing fee over time as he is able by sending payments to the Clerk of Court.

**II.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). The same is true for plaintiffs who are not incarcerated but who seek to proceed without prepaying the civil filing fee; "district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee statutes." <u>Rowe v. Shake</u>, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. §1915(e)(2)(B); <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 608 (6th Cir. 1997)). The court "must dismiss the complaint if it fails to state a claim." <u>Id.</u>

To determine whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

5

Case 2:22-cv-01259-PP   Filed 12/05/22   Page 5 of 16   Document 13

"accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The plaintiff titled the complaint "Complaint Pursuant to 28 USC 1331" and listed a case number of "1:20-cv-01273." Dkt. No. 1 at 1. The complaint alleges that the plaintiff's "constitutional rights was [*sic*] violated because Judge Barker did not let [him] show legal documents to proove [*sic*] [he has] no sex offense convictions." Id. at 2. The plaintiff says he "tried to do this in the courtroom and she refused to let [him] proove [*sic*] [his] case." Id. The plaintiff seeks $8 million in damages. Id. at 3. The complaint says that the plaintiff attempted to subpoena defendant Dourgthy, Chicago probation officer Ryan Justice and Chicago attorney Daniel Hesler to ask "questions concerning this sex offense registering situation where they got the information etc." Id. at 4.

The plaintiff asserts that "Defamation of Character is [his] lawsuit, [he] just sent this 1331 with it." Id.

The complaint reveals that 20-cv-1273 is the case number of a previous lawsuit that the plaintiff filed in the Southern District of Indiana which also alleged defamation of character.[3] Id. at 5. The plaintiff alleged in that lawsuit that he has "never been convicted with a sex offense and Judge Sarah Barker and Probation Officer Chris Dourgthy maliciously put [him] in the system as a sex offender" in March 2020. Id. at 6. The plaintiff says the case was disposed of on December 20, 2021, but that it remains "pending, on appeal, resolved." Id. The docket from that case shows that Judge Barker entered an order of dismissal for lack of jurisdiction because the plaintiff did not assert diversity of parties and did not state a federal claim. Case No. 20-cv-1273 (S.D. Ind.), Dkt. No. 20. Judge Barker gave the plaintiff an opportunity to show cause why judgment should not be entered. Id. at 2–3. On December 21, 2020, after the plaintiff failed to respond to that order, Judge Barker dismissed the case and entered judgment. Id., Dkt. Nos. 24, 25. The plaintiff filed several post-judgment motions in November and December 2021, and again in February 2022. Id., Dkt. Nos. 26, 27, 29, 31. Judge Barker denied each of those motions. Id., Dkt. Nos. 28, 30, 32.

On page seven of the complaint, the plaintiff details the allegations he raises in this Wisconsin lawsuit. Id. at 7. He presents his "legal theory" of the case as "[a] simple battery does not apply for the registration of a SORNA 18

---

[3] The plaintiff originally filed that lawsuit on March 30, 2020 in the Northern District of Illinois. See N.D. Ill. Case No. 1:20-cv-2532, Dkt. No. 1. On April 28, 2020, District Judge Manish S. Shah found that venue was proper in the Southern District of Indiana and transferred the plaintiff's lawsuit there in the interest of justice. Id., Dkt. Nos. 6, 7.

7
Case 2:22-cv-01259-PP   Filed 12/05/22   Page 7 of 16   Document 13

USC 2250." Id. (citing "Thomas Carr v. United States 2010"). The plaintiff explains that in 1996, he was charged with criminal deviant conduct, which is a sex offense. Id. at 8. He says the charge later was dropped, and he pleaded guilty to "a simple A misdemeanor battery nothing sexual at all." Id. The plaintiff "went to federal prison in March 2008," but does not say what he was in prison for. Id. He was released in 2009 and "was living in Indianapolis." Id. Defendant Dourgthy was his probation officer and told the plaintiff that he would have to register as a sex offender when he got out of prison. Id. The plaintiff protested that he had never been convicted of a sex offense. Id. He says Dourgthy "went to Judge Sarah Barker and they forced [him] into the system as a sex offender." Id. The plaintiff later violated his probation "because [he] left the state and went to another state." Id. Judge Barker sentenced him to twenty-four months' imprisonment for that violation. Id. at 9.

When he returned to federal prison, the plaintiff filed a lawsuit, which came before Judge Barker. Id. That lawsuit alleged that Dourgthy "slander[e]d [the plaintiff's] character by saying [he is] a sex offender putting [him] in the system wrongfully intentional[l]y and maliciously when they both knew and know [he] never been convicted of a sex offense." Id. The plaintiff also asserts that Judge Barker should not have been assigned to his case because she assisted Dourgthy in "wrongfully intentional[l]y and maliciously" labeling the plaintiff a sex offender, and she had imposed the twenty-four-month sentence for his probation violation. Id. He asserts that Judge Barker "can't be appointed to rule on [his] lawsuit becuz [sic] it's also bias [and] prejudice and a conflict of int[e]rest." Id. The plaintiff reiterates his demand of $8 million. Id. at 12. He says he has evidence for his lawsuit but does not want to send it to the court because in a previous lawsuit, "the judge denied [him] what [he] wanted to

8
Case 2:22-cv-01259-PP   Filed 12/05/22   Page 8 of 16   Document 13

happen because he said [the plaintiff] sent evidence ahead of time: premature." Id. He says he "will send evidence when this court orders [him] too [*sic*]." Id. He also requests an evidentiary hearing. Id.

The plaintiff explains that he filed this lawsuit in this district "because [he] was told by Judge Sarah Barker that [he] can't bring this lawsuit in her district; but [he] can file this lawsuit in another district." Id. at 14. He says he "feel[s] that [he] might get a fair chance bringing this lawsuit in this district." Id. Finally, the plaintiff says that his "last name use[d] to be Meyers; but [he] got [his] last name changed through the court to [his] father last name; Chavez." Id. at 17.

The plaintiff attached several documents to his complaint. The first is a blank form for sending interrogatories under Federal Rule of Civil Procedure 33(a). Dkt. No. 1-2 at 1–5. The second is the commitment order from the Western District of Missouri discussed above. Id. at 6–7. The plaintiff also attached an order from Case No. 20-cv-1273, which is his previous lawsuit in front of Judge Barker. Id. at 8. That order denies as moot the plaintiff's post-judgment motion for a change of venue because the plaintiff filed it several months after the case was closed. Id. Judge Barker advised the plaintiff, "To the extent that the plaintiff seeks to bring a lawsuit in another jurisdiction, he must file a new complaint initiating a new action in that other venue. The plaintiff is admonished to refrain from continuing to file motions in this closed action." Id.

The rest of the attachments are blank subpoena and summons forms, orders from the plaintiff's criminal case in the Northern District of Illinois, one page of a letter from a former attorney from the Federal Defender Program for

9

Case 2:22-cv-01259-PP   Filed 12/05/22   Page 9 of 16   Document 13

the Northern District of Illinois and the plaintiff's plea agreement and case summary from his 1996 state case for misdemeanor battery. Id. at 9–34.

C. Analysis

The complaint seeks to sue a federal probation officer, a federal judge in Indiana and "the government" on an asserted claim of defamation of character. There are several problems with this lawsuit; perhaps the most significant one is that it has no relation whatsoever to the Eastern District of Wisconsin. The plaintiff filed his complaint here only because he believes he "might get a fair chance" in this district. Dkt. No. 1 at 14.

Venue for a civil lawsuit is proper only in a judicial district in which 1) "any defendant resides, if all defendants are residents of the State in which the district is located"; 2) "a substantial part of the events or omissions giving rise to the claim occurred"; or 3) "any defendant is subject to the court's personal jurisdiction," if there is no other district in which the action may be brought. 28 U.S.C. §1391(b)(1)–(3). The plaintiff's complaint does not satisfy any of those criteria. None of the defendants reside in this district (or in this state), and no part of the alleged events occurred here. The complaint makes clear that the appropriate venue for the plaintiff's claim is the Southern District of Indiana, and the plaintiff previously litigated his defamation claim there in Case No. 20-cv-1273. Because there is a proper judicial district in which the plaintiff could have brought (and did bring) the claim he raises in this lawsuit, §1391(b)(3) does not apply.

The plaintiff *has* brought this lawsuit in a court other than the Southern District of Indiana. In May 2022, the plaintiff filed a complaint nearly identical to this one in the Western District of Texas. See Case No. 22-cv-178-FM (W.D. Tex.), Dkt. No. 1. District Judge Frank Montalvo presided over that case and

provided several additional details not made clear from the complaint the plaintiff filed in this court:

> [The plaintiff] claims Chris Dougherty, a United States Probation Officer with the United States District Court for the Southern District of Indiana, Indianapolis Division, improperly required him to register as a sex offender based on an Indiana state battery conviction—not a sex offense. . . .
>
> [The plaintiff] was indicted and, on his plea, was convicted for mailing a threatening communication to a federal judge. United States v. Meyers, 1:08-CR-111-JBZ (N.D. Ill.), J. Crim. Case (Mar. 31, 2009), ECF No. 109. He was sentenced to twelve months' imprisonment followed by 36 months' supervised release. Id. at 2, 3. After his release from prison, he violated the conditions of his supervised release and was sentenced to an additional two years' imprisonment followed by one year of supervised release. United States v. Meyers, 1:09-CR-76-SEB (S.D. Ind.), Am. J. Crim. Case (June 16, 2010), ECF No. 29.
>
> [The plaintiff] now claims Dougherty—the U.S. Probation Officer assigned to his revocation case—recommended the inclusion of a sex offender registration requirement in the conditions of his supervised release. Pl.'s Compl., ECF [No.] 1-1 at 5. But he maintains he has "never been convicted of any sex offense." Id. And he adds that because of Dougherty's defamation, he has wrongfully been required to register as a sex offender for over ten years. Id. at 6. He asks for eight million dollars in compensation. Id. at 12.
>
> After his release from prison, [the plaintiff] was convicted again for mailing a threatening communication. See United States v. Meyers, 1:12-CR-6-JRG (N.D. Ill.), J. Crim. Case (Jan. 14, 2013), ECF No. 68. He was sentenced to 84 months' imprisonment followed by 36 months' supervised release. Id. at 2, 3. His supervised release was subsequently revoked, and he was sentenced to an additional 128 days' imprisonment. Id., J. Crim. Case (Revocation) (Apr. 22, 2019), ECF No. 144.

Id., Dkt. No. 5 at 1–2 (footnote omitted).

Judge Montalvo noted that "venue appears to be most appropriate in the Southern District of Indiana, Indianapolis Division" because the events underlying the complaint—"the condition requiring him to register as a sex offender—occurred in Indianapolis, Indiana. The individual who recommended

the condition—Dougherty—would likewise likely be in Indiana." Id. at 3. Judge Montalvo also noted that the plaintiff already had filed suit in the Southern District of Indiana. Id. (citing Meyers v. Dougherty, 20-cv-1273 (S.D. Ind.), Pl.'s Compl., ECF No 1). Judge Montalvo explained that in that case,

> [t]he United States Magistrate Judge screened [the plaintiff's] complaint pursuant to 28 U.S.C. §1915A. Id., Order, ECF No. 20 at 1. The Magistrate Judge recommended that the District Court dismiss the defamation claim for lack of jurisdiction. Id. at 2. The Magistrate Judge reasoned [the plaintiff] did not "assert diversity jurisdiction under 28 U.S.C. § 1332 and neither 28 U.S.C. § 1331 nor 42 U.S.C. § 1983 give federal courts jurisdiction over defamation suits." Id. (citing Paul v. Davis, 424 U.S. 693, 694 (1976) (holding that defamation, standing alone, does not state a claim for relief under § 1983); Davis v. City of Chicago, 53 F.3d 801, 804 (7th Cir. 1995[)] (["][T]he district court was right to dismiss the claim . . . for the Constitution does no[t] forbid libel and slander.").

Id. Judge Montalvo concluded "that venue in the Western District of Texas [was] improper." Id. He agreed with the opinion of the magistrate judge in the plaintiff's case from the Southern District of Indiana "that federal courts lack jurisdiction over defamation suits brought under 28 U.S.C. § 1331." Id. Judge Montalvo dismissed the plaintiff's complaint and concluded that "it would not be in the interest of justice to transfer the case to the proper district." Id. (citing 28 U.S.C. § 1406(a)).

The court agrees with Judge Montalvo's findings, which apply with equal weight to this case. The plaintiff's allegations have no basis in, or relation to, the Eastern District of Wisconsin. As Judge Montalvo's order notes, defendant Dourgthy (or Dougherty) likely resides in the Southern District of Indiana, and Judge Barker and the plaintiff resided there when the alleged defamation occurred. The Southern District of Indiana also is where the alleged events that gave rise to this complaint occurred. The court agrees with Judge Montalvo that the Southern District of Indiana is the proper district for the plaintiff to

bring this lawsuit. The court will dismiss the complaint because the plaintiff filed it in the incorrect district.

As Judge Montalvo explained, 28 U.S.C. §1406(a) allows a district court to transfer a suit wrongly filed for improper venue "to any district or division in which it could have been brought," if it is in the interest of justice to do so. The Seventh Circuit has noted that, "Congress enacted § 1406(a) to avoid 'the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn.'" Cont'l Ins. Co. v. M/V ORSULA, 354 F.3d 603, 608 (7th Cir. 2003) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962)).

The plaintiff's filings and past cases show that this is not a circumstance in which he mistakenly filed a lawsuit in the wrong district. He initially filed his claim in the Northern District of Illinois, which at the time may have been a simple error on his part. But the district judge there transferred his case to the proper district—the Southern District of Indiana—where Judge Barker dismissed the complaint for lack of subject-matter jurisdiction. Case No. 20-cv-1273 (S.D. Ind.), Dkt. No. 20. When the plaintiff filed a motion for change of venue a year after his case was dismissed, Judge Barker denied the motion as moot. Id., Dkt. No. 32. Judge Barker advised the plaintiff that if he sought "to bring a lawsuit in another jurisdiction, he must file a new complaint initiating a new action in that other venue," and she "admonished [the plaintiff] to refrain from continuing to file motions in this closed action." Id. The plaintiff appears to have interpreted that language to mean he could no longer file a lawsuit in Indianapolis, but that he could bring his same defamation lawsuit in any other district in the United States as long as he filed a new complaint to initiate that

action. As Judge Montalvo explained, and as this court agrees, that is not correct.[4] As the court discusses above, the plaintiff may file a lawsuit in another district only if the events for which he seeks relief occurred in that district or are in some way connected to that district. See 28 U.S.C. §1391(b). This complaint has no connection whatsoever to the Eastern District of Wisconsin, just as it had no connection to the Western District of Texas.

The court also agrees with Judge Montalvo that it is not in the interest of justice to transfer this lawsuit to the proper district. The plaintiff previously litigated his defamation claim in the Southern District of Indiana and lost. The court agrees that the plaintiff's claim of defamation does not confer federal jurisdiction under 28 U.S.C. §1331. That section provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A claim of defamation arises under state law, and a violation of state law alone does not infringe a constitutional right and is not a basis for a complaint under §1983. See Swarthout v. Cooke, 562 U.S. 216, 221–22 (2011); Tucker v. City of Chi., 907 F.3d 487, 494–95 (7th Cir. 2018). If the plaintiff wishes to proceed on a claim of defamation, he must file it in the proper venue—likely a state court in Indiana, given that defamation is a state-law claim over which a federal court does not have jurisdiction without a related federal claim. He cannot proceed in Wisconsin federal court on his state-law claim against Indiana defendants for events that occurred in Indiana.

---

[4] It appears that Judge Barker meant to indicate only that if the plaintiff believed he had a basis for suing in another district, he'd have to file a new complaint to do so, rather than her transferring the already-closed case to that district.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee and **WAIVES** payment of an initial partial filing fee. Dkt. No. 3.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the plaintiff filed it in the incorrect district, and because it would not be in the interest of justice to transfer this case to the proper district because the complaint does not state a claim for which a federal court may grant relief. The court will enter judgment accordingly.

The court **ORDERS** that the plaintiff remains obligated to pay the full $350 filing fee. The plaintiff must pay the full filing fee over time as he is able by sending payments to the Clerk of Court. The plaintiff should include his case number (22-cv-1259) on each payment.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Fed. R. Civ. P. 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Fed. R. Civ. P. 60(b) must be filed within a reasonable time,

generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 5th day of December, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**